(80 Misc. Rep. 507.)

## STEENECK v. O'LEARY REALTY & CONSTRUCTION CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. ADJOINING LANDOWNERS (§ 6*)—EXCAVATIONS—NEW YORK BUILDING CODE.

Defendant owned a lot, the rear of which abutted on plaintiff's lot, which faced on another street. The grade of plaintiff's lot was several feet higher than that of defendant, and where the lots adjoined there was a dry wall, resting on the top soil of plaintiff's lot. Defendant notified plaintiff of his intention to excavate on his lot for building purposes, and after he had excavated to about two feet of the wall and for a depth of about two feet, but not to level of his own curb, the wall gave way. *Held*, that defendant did not come within Building Code, § 22, and liable for the injuries resulting to plaintiff; such section exempting a person excavating from supporting the adjoining landowner's property, where the excavation was not more than 10 feet below the adjoining curb.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 10–16, 25–36, 49–52; Dec. Dig. § 6.*]

2. ADJOINING LANDOWNERS (§ 4*)—LATERAL SUPPORT.

At common law, a landowner is entitled to lateral support of his neighbor's land only for the soil in its natural state, and not for the structures imposed thereon by him, so that if a neighbor excavates in such a manner that, without the superimposed structure, the land would not have caved in, he is not, in the absence of negligence, liable for injury to structures on the land due to his excavation, and is under no obligation to shore up and protect his neighbor's property.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 21–36, 38–44; Dec. Dig. § 4.*]

3. ADJOINING LANDOWNERS (§ 7*)—EXCAVATION—NEGLIGENCE.

Evidence *held* to show that the fall of a wall on plaintiff's land was not due to defendant's negligence in excavating on his adjoining lot, but to the fact that it was a dry wall and improperly constructed.

[Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§ 53–59; Dec. Dig. § 7.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Charlotte Steeneck against the O'Leary Realty & Construction Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Charles Green Smith, of New York City (John Davis, of New York City, of counsel), for appellant.

Samuel Goldstein, of New York City (Louis Susman, of New York City, of counsel), for respondent.

PAGE, J. The action is brought to recover damages for injury to a retaining wall, built at the intersection of the plaintiff's and defend-

---

ant's property. The grade of the plaintiff's property is a number of feet higher than that of the defendant's, and at the rear yard, where the lots adjoin, there is a dry wall resting upon the top soil. The space between the wall and the side of a slope on plaintiff's premises is filled in with rock and earth. The defendant's lot was vacant, and it notified the plaintiff of its intention to excavate upon it for the purpose of building thereon. Nothing was done to strengthen the wall, and after the defendant had excavated to a depth of about 2 feet, keeping entirely upon its own land, and within 18 inches or 2 feet of the wall, the wall gave way, and with it the rock and earth which it held back.

[1] An attempt was made to bring the case within section 22 of the Building Code, but the learned trial justice properly held that it had no application to the facts of this case, since the lots were abutting upon different streets, the grade of the plaintiff's street being about 20 feet higher than that of the street upon which the defendant's lot abutted, and the defendant did not excavate as far down as the level of its own curb. The ground upon which the trial justice in his opinion states that he gave judgment for the plaintiff is that:

"It appeared upon the trial by the testimony of the building inspector that the defendant excavated so as to undermine the wall in question, and made no effort to shore or retain plaintiff's soil or wall; and that the wall and part of the soil fell into the excavation; and this alone, to my mind, was negligence, for which the plaintiff is entitled to recover."

An examination of the record does not substantiate this statement of facts. It is true that Mr. Meehan, the building inspector, testified in answer to the question:

"Q. Had they reached the bottom of the wall in excavating? A. They were underneath the bottom of it."

But in another place he was asked to explain his meaning, and in answer to the question:

"Q. By below you mean deeper than the bottom of the wall. You don't mean underneath it, do you?"

—he said:

"A. No."

If the learned justice intended to find that the defendant excavated underneath the bottom of the wall, it is unsupported by the evidence, as the plaintiff's own husband testified that he saw the excavating and it was within 2 feet of the wall.

[2] At common law the owner of land is entitled to the lateral support of his neighbor's land only for the soil in its natural state, and not for structures imposed thereon by him. If his neighbor excavates in such a manner that, without the superimposed structure, the land would not have caved in, he is not, in the absence of negligence, liable for injury to structures upon the land due to his excavation, and is under no duty to shore up and protect his neighbor's property. Radcliff v. Brooklyn, 4 N. Y. 195, 53 Am. Dec. 357; Dorrity v. Rapp, 72 N. Y. 307.

[3] I am unable to find that the defendant in this action was guilty of negligence in excavating within two feet of the plaintiff's line; and to a depth of two feet; in fact, the testimony leads strongly to the conclusion that the falling of the wall was due to the fact that it was a dry wall, and improperly and unskillfully constructed.

The judgment must therefore be reversed, with costs to the appellant, and the complaint dismissed, with costs. All concur.